UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Demarcet                                                                               Civil Action No. 11-1961

versus                                                                                  Judge Tucker L. Melançon

General Nutrition Corporation,                                         Magistrate Judge C. Michael Hill
et al

**ORDER**

Before the Court is a Motion To Remand filed by plaintiff, Danny Demarcet, on behalf of his minor child, DeBryson Demarcet ("Demarcet"), [Rec. Doc. 8] and defendants, General Nutrition Corporation and Chase Lejeune's, opposition thereto [Rec. Doc. 15]. Plaintiff alleges that Demarcet purchased a product known as "Mega Men Sport" ("the product") from a GNC store in New Iberia, Louisiana. Plaintiff further alleges that the GNC employee who sold Demarcet the product was Chase Lejeune[1] ("Lejeune"). *Petition at ¶¶ 1-2, 9.* Plaintiff alleges that Lejeune failed to warn Demarcet that he should drink a lot of liquids when taking the product and as a result Demarcet was hospitalized and diagnosed with "diabetic ketoacidocis [sic], new onset diabetes mellitus, renal insufficiency, and other diagnoses". *Id. at ¶¶ 6-10, 11-12.* Plaintiff asserts claims against GNC under the Louisiana Product Liability Act ("LPLA"), as well as a claim against Lejeune for state law negligence.[2]

---

[1] In the Original Petition for Damages, Chase Lejeune was named as "Chase Doe" as plaintiffs had a business card containing only the sales person's first name. In the Notice of Removal, defendants state that "Chase Doe ... is Chase Lejeune, who is a resident of Louisiana." *R. 1, ¶12.*

[2] Defendants assert that plaintiffs have failed to state any allegations that Lejeune is liable for failure to warn under the Louisiana Products Liability Act ("LPLA"). The record is clear that plaintiffs' only allegations as to Lejeune are for state law negligence.

*Id.* at ¶¶ *18-39.* Defendants removed this action on the grounds that plaintiff improperly joined the non-diverse defendant, Lejeune.

A defendant who removes a case to federal court, claiming that at least one defendant was improperly joined (and therefore that diversity jurisdiction exists), "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 574 (5th Cir.2004) (en banc). A defendant may establish improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (internal citation and quotation marks omitted). Defendants rely on the second of these two methods. To satisfy this test, defendants must show that "there is *no possibility* of recovery by the plaintiff against an in-state defendant," meaning "there is no reasonable basis for the district court to predict that the plaintiff *might* be able to recover against an in-state defendant." *Id.* (emphasis added). If it is apparent that the plaintiff has "misstated or omitted" determinative facts that would determine the propriety of joinder "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* In conducting such an inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id*.

In *Smallwood*, the Fifth Circuit emphasized that "any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its

necessity." *Id.* at 574.[3] The court noted several examples of allowed discovery: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at FN12.

Plaintiff's allegations in the Original Petition related to Lejeune state as follows:

9. Chase [Lejeune] was the employee of GNC at the store who sold the 'Mega Man Sport' to DeBryson Demarcet.

10. Chase [Lejeune] did not inform DeBryson Demarcet that the customer taking 'Mega Man Sport' had to drink a lot of liquids."

*Petition at ¶¶ 9 & 10*. Thus, in this case the Court must determine whether or not plaintiff has a reasonable basis for recovery under state law negligence against Lejeune as an employee of GNC such that his joinder was not improper.

In *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La.1973), *superseded by statute on other grounds*, La.Rev.Stat. Ann. § 23:1032, the Louisiana Supreme Court established the following criteria to determine whether an individual employee can be held liable to a third party:

(1) The employer must owe a duty of due care to the customer;

(2) this duty must be delegated by the employer to the particular employee;

(3) the employee must breach this duty through his own personal fault; and

---

[3] The court further stated that "[a]ttempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined." *Id.*

> (4) personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of the employment; he must have a personal duty to the plaintiff that was not properly delegated to another employee.

*Id*. Citing *Canter*, defendants argue that plaintiff's Petition for Damages contains no allegations that GNC delegated to Lejeune any duty of care that GNC owes to customers who purchase GNC's dietary supplements or that Lejeune had any personal knowledge of a dangerous condition that might harm DeBryson Demarcet, i.e. taking the product without drinking a lot of liquids.  Taking into account plaintiff's allegations as well as the *Canter* test, it is apparent to the Court that plaintiff has "omitted determinative facts that would determine the propriety of joinder."  *See Smallwood* at 573-74.  Thus, exercising its discretion, the Court will conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant." *Id*.

      Accordingly, it is

      **ORDERED** that within twenty-one (21) days of the date of the entry of this Order, the parties are to conduct remand-related discovery and are to file summary judgment type evidence limited solely to the discrete and undisputed facts related to GNC's delegation of duty to its employee, Chase Lejeune, and Chase Lejeune's personal knowledge of the alleged requirement to drink a lot of liquids with the product at issue in this case.

      Thus done and signed this 17th day of January, 2012 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE